# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Albert Brinkman, | No. CV 15-02027-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Charles Ryan, et al., | |
| Defendants. | |

Plaintiff Albert Brinkman, who is currently confined in the Hutchinson Correctional Facility in Hutchinson, Kansas, brought this civil rights case regarding incidents that took place at Arizona State Prison Complex (ASPC)-Lewis. (Doc. 19.) Plaintiff's First Amended Complaint raises federal claims pursuant to 42 U.S.C. § 1983 as well as state law tort claims. Before the Court is Defendant Hudson's Motion to Dismiss Count Ten of the First Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; Plaintiff opposes the motion. (Docs. 28, 34.) Also before the Court is the Magistrate Judge's Report and Recommendation ("R&R") recommending that this action be dismissed without prejudice based on Plaintiff's failure to notify the Court of his current address. (Doc. 31.)

The Court will reject the R&R, grant Defendant's motion, and dismiss Count Ten of the First Amended Complaint.

**I.    Background**

In his First Amended Complaint, Plaintiff alleged that Defendant Lieutenant Hudson, Corrections Supervisor at the ASPC-Lewis Bachman Unit, violated his Eighth

Amendment rights and state law when she refused to allow Plaintiff to access his medications and inhaler during a May 7, 2015 move, which resulted in Plaintiff having an asthma attack. (Doc. 19 at 13–15.)

On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated Eighth Amendment claims in Counts Eight and Nine against Hudson and a state law negligence claim against Hudson in Count Ten. (Doc. 20 at 7–8.) The Court ordered Hudson to answer those claims and dismissed the remaining claims and Defendants. (*Id*. at 9.)

Hudson now moves to dismiss Plaintiff's state law claim in Count Ten on the ground that A.R.S. § 31-201.01(F) requires that such claims can only be brought against the state.

## II.     Report and Recommendation

On October 25, 2016, Magistrate Judge Bridget S. Bade issued an R&R recommending that this action be dismissed without prejudice based on Plaintiff's failure to notify the Court of his current address. (Doc. 31). On October 31, 2016, Plaintiff notified the Court of his new address. (Doc. 34 at 1.) Accordingly, the R&R will be rejected, and the Court will allow the case to proceed.

## III.    Motion to Dismiss

Arizona Revised Statutes § 31-201.01(F) provides that "[a]ny and all causes of action which may arise out of tort caused by the director, prison officers or employees of the department, within the scope of their legal duty, shall run only against the state." Ariz. Rev. Stat. Ann. § 31-201.01(F). Hudson argues that Plaintiff has failed to state a claim upon which relief can be granted against her for negligence in Count Ten of the First Amended Complaint because such claims are barred by Arizona Revised Statutes § 31-201.01(F). Plaintiff contends that Hudson was not acting within the scope of her legal duties when she refused to allow him to access his medications while he was being moved. (Doc. 34 at 2.)

. . .

1  Plaintiff's assertions do not support his contention that Hudson was not acting within the scope of her legal duties. "Conduct falls within the scope [of employment] if it is the kind the employee is employed to perform, it occurs within the authorized time and space limits, and furthers the employer's business even if the employer has expressly forbidden it." *Baker ex rel Hall Brake Supply Inc. v. Stewart Title & Trust*, 5 P.3d 249, 254 (Ariz. App. 2000).) Plaintiff's claims against Hudson arose out of actions Hudson allegedly took while Plaintiff was being moved. All of Plaintiff's allegations against Hudson relate to Hudson's conduct as a Corrections Supervisor, and everything Hudson allegedly did occurred in furtherance of her duty to manage and transport inmates. Accordingly, Plaintiff's negligence claim against Hudson is barred by Arizona Revised Statutes § 31-201.01(F).

**IT IS ORDERED:**

(1) The Report and Recommendation (Doc. 31) is **rejected**.

(2) Defendant Hudson's Motion to Dismiss (Doc. 28) is **granted**, and Count Ten of the First Amended Complaint is **dismissed**.

(3) The only claims remaining in the action are Counts Eight and Nine against Defendant Hudson.

Dated this 27th day of December, 2016.

Honorable Roslyn O. Silver
Senior United States District Judge